## Thompson v. Fissel, Controller

*Spencer R. Liverant*, for plaintiff.
*Henry B. Leader*, for defendant.

ANDERSON, J., August 3, 1953.—In this mandamus action plaintiff, John W. Thompson, is endeavoring to compel defendant, Paul H. Fissel, Controller of York County, to pay his salary as Secretary of the York County Institution District for the current year. The complaint alleges that plaintiff is the secretary of the institution district and that the Salary Board of York County at the meeting of January 5, 1953, voted him an annual salary of $500 for the year 1953, payable in monthly installments, which defendant refuses to pay.

Defendant alleges in his answer that the vote of the salary board on the motion to pay plaintiff's salary as indicated above resulted in a tie vote and that therefore the controller is not obligated or authorized to pay the salary as requested. Defendant further admits that the minutes of the salary board indicate that Edward J. Fitzgerald, county commissioner, voted twice on the motion, once as president of the board of county commissioners and once as president of the York County Institution District. Defendant contends that Mr. Fitzgerald was not entitled to vote a second time as president of the institution district and consequently that the official vote on the motion resulted in a tie vote, two commissioners voting aye and one commissioner and the controller voting no as shown by the minutes. Based on this contention defendant refused to pay plaintiff's salary, averring that he was not legally authorized by the action of the salary board so to do.

Thereafter plaintiff filed a motion for judgment either on the basis of rule 1098, providing for summary judgment under certain conditions, or on the pleadings as provided by Rule 1034 of the Rules of Civil Procedure. After oral argument the question presented is before the court for disposition. For the purpose of deciding the merits of the motion, the facts averred in defendant's answer must be accepted as correct. In fact there seems to be no controversy as to the facts and the issue turns on the validity of the action of the salary board. The question presented is novel and ingenious and plaintiff's counsel admits there is no precise precedent for his contention although the present Salary Board Act has been in effect since 1947. Plaintiff bases his argument on section A of paragraph 306 of the Salary Board Act, which states:

"Whenever the board shall consider the number or salaries of the deputies, assistants, clerks or other em-

ployees, of any county office, or agency, such officer or the executive head of such agencies, shall sit as a member of the board as long as matter affecting his office or agency is under consideration, and no longer."

On the theory that Mr. Fitzgerald as the president of the county institution district is entitled to an additional vote as the executive head of that agency, as well as a vote as a member of the board of commissioners, the action of the salary board would, of course, be conclusive and valid. On the other hand if he is not entitled to two votes as defendant contends, then the salary board's alleged action was a nullity for the vote on the motion resulted in a tie and consequently the motion did not pass.

Defendant assigns two reasons in support of his theory that Mr. Fitzgerald is not entitled to two votes on the salary board in this connection. First, he argues that section A of the Salary Board Act applies only to county offices or agencies and since it has been judicially determined on several occasions that county institution districts are State agencies, consequently the executive head of the county institution district agency under the act is not permitted to sit as a member of the salary board. There is considerable merit in this view for the Supreme Court of Pennsylvania has on several occasions held that the so-called county institution districts are State agencies and in one particular case has held specifically that the York County Institution District is a State agency. "A County Institution District is a State agency performing a government function": Heilig Bros. Company, Inc., v. Kohler et al., 366 Pa. 72. See also Davis v. Carbon County, 369 Pa. 322, and cases cited.

And the context of the statute involved indicates clearly that only the executive heads of county offices and agencies are referred to as being eligible to sit as

members of the Salary Board. This interpretation is manifestly apparent when considered in the light of the Statutory Construction Act of May 28, 1937, P. L. 1019, which provides in article IV, sec. 53, as follows: "In no case shall the punctuation of a law control or effect the intention of the legislature in the enactment thereof."

This provision is especially applicable since the legislature acts upon bills which are not punctuated in detail. Under these circumstances it would seem that Mr. Fitzgerald as the executive head of a State agency is not entitled to a vote as a member of the salary board in addition to the vote to which he is entitled as a regular member of the board.

Defendant's second contention is that it was not the legislature's intent that a member of the salary board should be entitled to two votes, or that a single member could vote in a dual capacity and defendant argues that to permit such an interpretation of the statute would legally destroy the effectiveness of the salary board, its purpose would be frustrated and undesirable consequences not contemplated by the legislature would ensue. To attempt to analyze and interpret legislative intent is fraught with hazards but it becomes necessary in this situation. If plaintiff's contention is valid then it follows that the president of the board of commissioners would be entitled to two votes when considering the number and salaries of employes of the county registration commission, the county board of assessments and, in fact when considering the employes of the county commissioners as such for the president of the board of commissioners is, of course, the executive head of this body as well as a member of the salary board. The same results would follow when the salary board would consider the employes of the county controller, who would thus be entitled to two votes, one as a mem-

ber of the board and the second as the county controller. It is obviously apparent that one reason for the creation of a salary board was to obviate the inevitable abuse of power which would result from the fact that the board of commissioners, which levies taxes and makes appropriations, is also the chief employer in its various capacities of county personnel. To apply the rule sought by plaintiff would mean that the two majority commissioners could and probably would exercise complete control over the number of employes and their salaries in this area without a check or restraining influence from the other members of the salary board, for the two commissioners would exercise three votes, which would give them majority control of the salary board. The same result would follow with reference to the controller's personnel in the event that the controller and the minority commissioner happened to be in accord, for their combined three votes would control the board insofar as the controller's office was concerned. It seems perfectly obvious that the reason for including the county office holder or the executive head of a county agency as a member of the salary board when the employes of the particular office or agency were being considered was for a twofold purpose. First, so that the board would have first-hand information as to the needs and requirements of the office and second, so that the official head would have a voice in actually fixing the number and salaries of his employes. But by no stretch of imagination could it be properly inferred that some county office holders, i.e., the county controller and the president of the board of commissioners, would be validly entitled to a double voice or vote in these matters. Had the legislature intended the majority members of the county commissioners to have the power to fix the number and compensation of all county employes under their jurisdiction it would have said so. That the salary board was created as a

wise alternative to the vesting of such broad powers in the board of commissioners is apparent.

While in no wise controlling, it is significant that when counsel on both sides were requested by the court to determine practice in other jurisdictions their inquiries did not develop that the practice of dual voting, here invoked, was followed in any other county of the Commonwealth. Consequently, this unique question has never been heretofore raised and no authority is available hereon. The only case discovered in our own research which is in any way analogous is that of Farrell et al., County Commissioners v. Chervenak, County Controller, 69 D. & C. 401. This was an action of mandamus to compel the county controller to place on the payroll an employe of the county home who was selected at a meeting of the salary board attended by but three members, two county commissioners and the county controller, at which the vote was two to one, the commissioners voting for and the controller voting against the employment. The question decided by this case was that a vote of the majority of a quorum of the salary board is a vote of the board and is controlling. While the question of double voting was not raised in this case, a perusal of the opinion indicates clearly that such practice was not followed in Cambria County.

We have examined the two cases from other jurisdictions cited by plaintiff and find that they are readily distinguishable from the instant case and consequently not controlling.

Pursuant to the above we find that this is not such a clear case as to warrant entering a summary judgment on the pleadings and we therefore enter the following order and decree

And now, to wit, August 3, 1953, after argument and due consideration, it is hereby ordered and decreed that plaintiff's motion for judgment, filed April 1, 1953, be and hereby is overruled and refused.